IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOANN PARKER,

      Plaintiff,

vs.                                                                                    No. 1:21-CV-1122-WJ-LF

DELTA AIR LINES, INC., and
John and Jane Doe 1-199,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Opposed Motion for Leave to File Supplemental Expert Witness Report and Disclosures filed by Plaintiff Joann Parker (Doc. 31) and the Motion to Strike Plaintiff's Expert David Scrase, MD filed by Defendant Delta Air Lines, Inc. (Doc. 39). The Court will deny the Opposed Motion for Leave to File Supplemental Expert Witness Report and Disclosures, will grant the Motion to Strike Plaintiff's Expert David Scrase, MD, in part, will allow David Scrase, MD to testify only as a treating physician for Plaintiff and not as a retained expert witness, and will strike the Expert Witness Report of David Scrase, MD (Doc. 32).

### I. Factual and Procedural Background

Plaintiff Joann Parker filed her Complaint for Damages in the Second Judicial District Court, County of Bernalillo, State of New Mexico, on August 30, 2021. (Doc. 1 at 5). Plaintiff Parker seeks to recover damages for negligence and breach of contract arising out of injuries she allegedly sustained when two containers of fluid fell out of an overhead luggage bin on a Delta Air Lines airplane in Greensboro, North Carolina, and hit her on the left side of her face and neck.

1

(Doc. 1 at 5-9).  The case was removed to this Court by Defendant Delta Air Lines on November 22, 2021, based on diversity of citizenship jurisdiction.  (Doc. 1).

On January 4, 2022, the Court entered a Scheduling Order adopting the parties' Joint Status Report and Provisional Discovery Plan and setting case management deadlines and discovery parameters.  (Doc. 7).  The Scheduling Order set February 18, 2022, as the deadline for Plaintiff's disclosure of experts.  (Doc. 7 at 2).  A footnote stated that Plaintiff was required to disclose both treating physicians and retained experts, but that an expert report would only be required for retained experts.  (Doc. 7 at 2 n.1).  The Scheduling Order also set August 4, 2022, as the deadline for the parties to submit *Daubert* motions.  (Doc. 7 at 2).

On February 17, 2022, Plaintiff filed her Initial Expert Disclosures.  (Doc. 39 at 16, Exhibit A).  With respect to Dr. David Scrase, Plaintiff's disclosure stated as follows:

> "1. **David Scrase, MD**
>  Primary Doctor . . .
>
> Dr. Scrase, as her primary care doctor, will be called to testify concerning his treatment of Ms. Parker on August 19, 2019 and thereafter.  From her injuries sustained on Delta Flight 1311 she had been experiencing neck pain which was radiating down her left arm causing numbness and pain.  He ordered an MRI.  The MRI revealed:
>
>> Multilevel degenerative changes at C5-6 level resulting in moderate spinal canal stenosis and severe left neural foraminal narrowing, and an abnormal spinal cord signal present at C5-6 level which could reflect edema and/or myelomalacia.
>
> After reviewing the MRI Dr. Scrase referred Ms. Parker to Jeremy J. Lewis, a neurosurgeon.
>
> Dr. Scrase is of the opinion that Ms. Parker's injuries are permanent and that the trauma to her neck contributed from the Delta Airlines incident to her ongoing chronic pain issues."

(Doc. 39 at 16).  The Initial Expert Disclosures also attached a letter from Dr. Scrase to Plaintiff Parker dated August 17, 2020.  (Doc. 39 at 22-23). Among other things, the letter stated "[i]t makes sense to me that the trauma to your neck on the Delta flight could have significantly contributed to your ongoing chronic neck pain issues."  (Doc. 39 at 22).

Delta Air Lines took the deposition of Dr. Scrase on May 7, 2022.  During the deposition, the following questions and answers were exchanged between defense counsel and Dr. Scrase:

> Q.  It sounds to me like your understanding was that you were going to be testifying as a treating physician, giving factual testimony regarding what occurred during your treatment of Ms. Parker.
> A.  That's correct.  That was my understanding.

(Doc. 39 at 25, p. 25, lines 3-8).

> Q.  So I showed you earlier a document titled Plaintiff's Initial Expert Disclosures, and I just want to get some information about that.  Again I will pull it up so that you can look at it.  Do you see on my screen a document entitled Plaintiff's Initial Expert Disclosures?
> A.  I do.
> Q.  And we read this earlier, which summarized your care and what you will testify about.  You did not draft this document, correct?
> A. No, I did not draft this document that I'm seeing today for the first time.

(Doc. 39 at 30, p. 95, lines 6-17).

On May 25, 2022, the Court entered an amended scheduling order, setting August 5, 2022, as the deadline for completion of discovery and September 6, 2022, as the deadline for filing *Daubert* deadlines.  (Doc. 22).  The Order did not extend the deadline for disclosure of experts or filing of retained expert reports.

On August 4, 2022, Plaintiff filed a motion to permit Plaintiff to complete two depositions but did not seek any extension of the expert disclosure deadline or the deadline for *Daubert* motions.  (Doc. 27).  On the next day, August 5, 2022, the day discovery terminated, Plaintiff filed her Opposed Motion for Leave to File Supplemental Expert Witness Report and Disclosures.

3

(Doc. 31). The Motion seeks to file the expert witness report of David Scrase, MD, and states that "Dr. Strace (sic), from the beginning of this case, has been disclosed as an expert witness," and argues that Defendant is not prejudiced by the late disclosure of the report. (Doc. 31). The motion references the expert report as an attachment to the Motion, but the report was not attached.

Without waiting for leave from the Court, on August 8, 2022, Plaintiff filed a Supplemental Report of David Scrase, MD. (Doc. 32 at 2-11). The Supplemental Report states that Dr. Scrase has reviewed extensive materials obtained as part of the litigation, expresses opinions based on those materials, and is signed by Dr. Scrase on August 4, 2022. (Doc. 32 at 2-3, 11)). Delta Air Lines filed a Response in opposition to the Supplemental Report on August 19, 2022. (Doc. 37). Plaintiff's Reply in support of her Motion for Leave to File Supplemental Expert Witness Report was filed on September 2, 2022. (Doc. 38).

Delta Air Lines then filed its Motion to Strike Plaintiff's Expert David Scrase, MD on September 29, 2022. (Doc. 39). Delta seeks to strike Dr. Scrase as an expert witness because the Expert Witness Report was made after the deadline for expert disclosures and reports, after the deposition of Dr. Scrase, and after the deadline for the close of discovery. (Doc. 39). Plaintiff responded in opposition to the Motion to Strike, contending that Dr. Scrase was timely disclosed as a hybrid treating/expert witness and that the late filing of the Supplemental Expert Witness Report is not prejudicial. (Doc. 42). Defendant Delta Air Lines filed its Reply in support of the Motion to Strike on October 27, 2022. (Doc. 43).

## II. Standards for Disclosure of and Testimony by Treating Physicians and Retained Experts

A treating physician is generally not considered an expert witness if he or she testifies about observations based on personal knowledge from treatment of the party. *Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999). A treating physician's testimony may include opinions

regarding "prognosis, the extent of present and future disability, and the need for future medical treatment," so long as the opinions are based on the physician's personal knowledge gained from the care and treatment of the plaintiff. *Adrean v. Lopez*, 2011 WL 6141121 (N.D. Okla. Dec. 9, 2011) (quoting *Goeken v. Wal-Mart Stores, Inc.*, 2001 WL 1159751, at *3 (D. Kan. Aug. 16, 2001)). As essentially a hybrid witness, a treating physician is permitted to testify to "fact opinions." However, the scope of such opinion testimony is circumscribed. *Hall v. Sykes*, 164 F.R.D. 46, 48 (E.D. Va. 1995).

A treating physician's testimony may extend to opinions on causation, but only "to the limited extent that opinions about the cause of an injury are a necessary part of a patient's treatment." *Starling v. Union Pac. R. Co.*, 203 F.R.D. 468, 479 (D. Kan. 2001). Matters within the scope of a treating physician's treatment may include opinions about causation, diagnosis, and prognosis. *Richard v. Hinshaw*, 2013 WL 6709674, at *2 (D. Kan. Dec. 18, 2013); *Trejo v. Franklin*, 2007 WL 2221433, at *1 (D. Colo. July 30, 2007) (stating that "treating physician opinions regarding causation and prognosis based on examination and treatment of the patient" are proper under Rule 26(a)(2)(C)).

A treating physician is permitted to give expert testimony regarding fact opinions as to causation, diagnosis, prognosis, and the extent of Plaintiff's disability or injury derived from his observations and treatment. *Ngo v. Standard Tools & Equipment Co., Inc.*, 197 F.R.D. 263, 266–67 (D. Md. 2000). However, such expert testimony is limited to the fact opinions that the treating physician formed based on his personal knowledge and observations obtained during his course of care and treatment of the plaintiff. A treating physician is not permitted to provide expert testimony regarding any opinion he formed based on information learned outside of Plaintiff's treatment. *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007); *Zurba v. United States*, 202

F.R.D. 590, 591 (N.D. Ill. 2001).

If a treating physician forms an opinion as to causation of an injury to the patient or the prognosis for the patient during treatment, then that opinion may be expressed by the treating physician without the necessity of a report under Fed. R. Civ. P. 26(a)(2)(B). *Farris*, 493 F. Supp. 2d at 1180. However, if a physician, even though he may be a treating physician, is specially retained or employed to render a medical opinion based upon factors that were not learned in the course of the treatment of the patient, then such a doctor would be required to present a Rule 26(a)(2)(B) expert written report. *Id.*

Rule 26(a)(2) involves the disclosure of expert witnesses and addresses two distinct types of expert witness: (1) a retained expert witness who is required to produce a comprehensive written and signed expert report pursuant to Rule 26(a)(2)(B); and (2) a non-retained expert witness who is required to provide a summary of facts and opinions pursuant to Rule 26(a)(2)(C). *See* Fed. R. Civ. P. 26(a)(2)(B)-(C). Treating physicians generally fall into the latter category and are not subject to the retained expert report requirement if they limit their testimony to matters within the scope of the care and treatment of their patients. *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995); *see also Farris*, 493 F. Supp. 2d at 1179-80 (noting that Advisory Committee notes to 1993 amendments single out treating physicians as example of class of experts who typically do not need to submit written reports). While Rule 26(a)(2)(C) exempts treating physicians from filing an expert report, the party offering the treating physician must still comply with the disclosure requirements under that rule. Rule 26(a)(2)(C) states that the offering party must file a disclosure containing "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

On the other hand, if a treating physician is asked to review the records or reports of another physician in anticipation of trial in order to render opinion testimony, the treating physician must submit a retained expert report under Rule 26(a)(2)(B). *Wreath*, 161 F.R.D. at 450. A treating physician requested to review medical records of another health care provider or to review discovery materials obtained by the parties and to present opinion testimony for trial concerning the patient would be specially retained notwithstanding that he also happens to be the treating physician. *Id.*

If a plaintiff's disclosures fail to fully comply with Rule 26(a)(2), the court must consider whether to strike the disclosure under Rule 37(c). When a party fails to provide the information required under Rule 26(a)(2), the party is not allowed to use that witness to supply evidence unless the failure was substantially justified or is harmless. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002). The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court. A court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. However, the court should be guided by the following factors: 1) the prejudice or surprise to the party against whom the testimony is offered, 2) the ability to cure any prejudice, 3) the potential for trial disruption if the testimony is allowed, and 4) the erring party's bad faith or willfulness. *Id.* The burden to demonstrate substantial justification and the lack of harm is on the party who failed to make a proper disclosure. *Id.*

### III. <u>Analysis</u>

Plaintiff did timely disclose Dr. Scrase as a treating physician and provided a very limited summary of the facts and opinions to which he would testify, as required by Rule 26(a)(2)(C). (Doc. 39 at 16). Further, Delta Air Lines was afforded the opportunity to take the deposition of

7

Dr. Scrase as Plaintiff's treating physician. Therefore, Dr. Scrase may testify as Plaintiff's treating physician. However, his testimony as a treating physician must be limited to the facts of his treatment and fact opinions that he formed based on his personal knowledge and observations obtained during his course of care and treatment of Plaintiff Parker. *Farris*, 493 F. Supp. 2d at 1180; *Zurba,* 202 F.R.D. at 591.

Plaintiff did not timely disclose Dr. Scrase as a retained expert and did not file the expert report required for retained experts under Rule 26(a)(2)(B) by the disclosure deadline. No Rule 26(a)(2)(B) expert report was provided for Dr. Scrase before his deposition or before the deadline for completion of discovery.[1] Instead, the Motion for leave to file the expert report was filed on the deadline for completion of discovery and the retained expert report was filed more than three months after the deposition of Dr. Scrase. As a result, Defendant Delta was unable to adequately depose Dr. Scrase regarding any opinions as a retained expert, was unable to retain any responsive expert witness, and was unable to prepare an adequate *Daubert* challenge to Dr. Scrase as a retained expert witness. *Jacobsen*, 287 F.3d at 952. Further, the Supplemental Report ultimately provided on August 8, 2022, shows that Dr. Scrase had gone far beyond facts obtained by him in the course of his treatment of Plaintiff and had reviewed extensive discovery materials and documents obtained by the parties in the course of this litigation. (Doc. 32 at 2-3).

Because Dr. Scrase was not timely disclosed as a retained expert and did not submit a timely Rule 26(a)(2)(B) expert report, the late disclosure of Dr. Scrase as a retained expert is prejudicial to Defendant Delta Air Lines. Moreover, the Court finds that Plaintiff has not demonstrated substantial justification for the late disclosure. *Jacobsen*, 287 F.3d at 952. Therefore,

---

[1] The Court notes that although the *Daubert* motion deadline was modified (Doc. 22), the deadline for expert reports was never extended and the extension of the *Daubert* motion deadline was not sufficient to cure the prejudice to Delta Air Lines from the untimely expert report.

Dr. Scrase may not testify as a retained expert in this case and, specifically, will be prohibited from testifying to any of the matters or opinions set out in the Expert Report of David Scrase, MD (Doc. 32) or to any materials or information obtained and reviewed or opinions formed after the deposition of Dr. Scrase on May 7, 2022.

IT IS THEREFORE ORDERED:

(1) the Opposed Motion for Leave to File Supplemental Expert Witness Report and Disclosures filed by Plaintiff Joann Parker on August 5, 2022, (Doc. 31) is **DENIED**;

(2) the Supplemental Report of David Scrase, MD filed by Plaintiff on August 8, 2022, (Doc. 32) is **STRICKEN;**

(3) the Motion to Strike Plaintiff's Expert David Scrase, MD filed by Defendant Delta Air Lines on September 29, 2022, (Doc. 39) is **GRANTED in part**; and

(4) David Scrase, MD may only testify at trial as a treating physician, may not testify as a retained expert witness, and is prohibited from testifying to any of the matters or opinions set out in the Supplemental Report of David Scrase (Doc. 32).

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE