IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOANN PARKER,

        Plaintiff,

vs.                                                                                                  No. 1:21-CV-1122-WJ-LF

DELTA AIR LINES, INC., and
John and Jane Doe 1-199,

        Defendants.

### MEMORANDUM OPINION AND ORDER DENYING
### DELTA AIR LINES, INC'S MOTION FOR SUMMARY JUDGMENT
### BASED ON LACK OF EXPERT TESTIMONY REGARDING CAUSATION

THIS MATTER is before the Court on the Motion for Summary Judgment filed by Defendant Delta Air Lines, Inc. (Doc. 54). The Court concludes that Plaintiff has presented sufficient evidence to create a genuine issue of material fact on the issue of causation and denies the Motion for Summary Judgment.[1]

Plaintiff Joann Parker was a passenger on Delta Air Lines, Inc. ("Delta") flight no. 1311 from Greensboro, North Carolina to Albuquerque, New Mexico. Plaintiff Parker was 80 years old at the time of the incident. Prior to departure from Greensboro, she was seated in an aisle seat in the last row of the aircraft. She claims that a flight attendant opened the overhead compartment above her seat and two bottles of cleaning fluid fell out and struck the left side of her face and neck. Plaintiff did not seek medical attention before departure. Plaintiff claims pain and injury to her neck as a result of the incident. She did not seek medical attention prior to departing

---

[1] The Court does not express any opinion as to whether the evidence is sufficient to establish causation by a preponderance of the evidence. That question is better left for trial.

1

Greensboro.  She did, however, seek treatment from her treating physician, Dr. David Scrase, in Albuquerque in August 2019.

The parties do not dispute the essential facts of the incident.  However, the parties do dispute whether Plaintiff Parker's prior accident and medical history, including a history of arthritis of the neck and shoulders, osteoporosis, myo-arthritica, history of numbness in both hands, degenerative changes to C5 and C6 vertebrae, and anterolisthesis of C4 and C5 vertebrae are relevant to the claims.  (Doc. 54 at 2; Doc. 55 at 2-3).

Defendant Delta seeks summary judgment on the grounds that Plaintiff cannot prove the essential element of causation.  Delta contends that expert testimony is necessary to establish that the incident on flight 1311 was the cause of her pain and injuries, rather than her prior accident and medical history.  Delta argues that summary judgment should be granted because, without an expert medical witness, Plaintiff has no admissible evidence on causation.  (Doc. 54).

In her Response, Plaintiff Parker contends that genuine issues of material fact exist on the issue of causation based on (1) the opinion of her treating physician Dr. Scrase and (2) Plaintiff Parker's own testimony.  In support of her argument, Plaintiff offers a letter dated August 17, 2020, in which Dr. Scrase stated "[i]t makes sense to me that the trauma to your neck on the Delta flight could have significantly contributed to your ongoing chronic neck pain issues."  (Doc. 55, Exhibit D).  In Reply, Delta argues that the Court's prior ruling regarding Dr. Scrase's testimony renders the August 17, 2020 letter inadmissible.  (Doc. 56).

On December 2, 2022 the Court entered a Memorandum Opinion and Order holding that David Scrase, MD may only testify at trial as a treating physician, may not testify as a retained expert witness, and is prohibited from testifying to any of the matters or opinions set out in the August 2022 Supplemental Report of David Scrase. (Doc. 48).  However, in the Memorandum

Opinion and Order, the Court expressly recognized that a treating physician may testify to opinions regarding "prognosis, the extent of present and future disability, and the need for future medical treatment," so long as the opinions are based on the physician's personal knowledge gained from the care and treatment of the plaintiff. *Adrean v. Lopez*, 2011 WL 6141121 (N.D. Okla. Dec. 9, 2011) (quoting *Goeken v. Wal-Mart Stores, Inc.*, 2001 WL 1159751, at *3 (D. Kan. Aug. 16, 2001)). As essentially a hybrid witness, a treating physician is permitted to testify to matters within the scope of a treating physician's treatment including opinions about causation, diagnosis, and prognosis. *Richard v. Hinshaw*, 2013 WL 6709674, at *2 (D. Kan. Dec. 18, 2013); *Trejo v. Franklin*, 2007 WL 2221433, at *1 (D. Colo. July 30, 2007) (stating that "treating physician opinions regarding causation and prognosis based on examination and treatment of the patient" are proper under Rule 26(a)(2)(C)).

The Court stated that Dr. Scrase "may not testify as a retained expert in this case and, specifically, will be prohibited from testifying to any of the matters or opinions set out in the Expert Report of David Scrase, MD (Doc. 32) or to any materials or information obtained and reviewed or opinions formed ***after the deposition of Dr. Scrase on May 7, 2022***." (Doc. 48 at 9) (emphasis added). The Court struck previously undisclosed expert testimony but did not preclude physician testimony by Dr. Scrase regarding his treatment of Plaintiff Parker, including the matters and opinions set out in his August 2020 letter. (Doc. 48 at 8-9).

Expert testimony is not the only testimony available to Plaintiff on the issue of causation and Plaintiff may properly seek admission of opinions of her treating physician at trial. *Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999). Because Dr. Scrase may testify to opinions regarding causation formed prior to May 7, 2022, so long as they are based on his personal knowledge gained from the care and treatment of the plaintiff. Dr. Scrase's letter creates a genuine issue of material

fact on the issue of causation, precluding summary judgment under Fed. R. Civ. P. 56. Therefore, the Court denies Defendant Delta's Motion for Summary Judgment Based on Lack of Expert Testimony Regarding Causation (Doc. 54).

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE